U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED APR 18 2013
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 13-52** |
| **v.** | * | **SECTION "I"** |
| **HAROLYN BONNER** | * | |

* * *

**FACTUAL BASIS**

The defendant, **HAROLYN BONNER**, has agreed to plead guilty to the one count of the information charging her with theft of government money, in violation of Title 18, United States Code, Section 641. Both the government and the defendant do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty. The government and the defendant further stipulate that, should this case have gone to trial, the government would have proven, through the introduction of competent testimony and reliable documentary and other evidence, the following facts, beyond a reasonable doubt:

At all times relevant herein, the United States Social Security Administration (SSA) was an agency of the United States created to provide for the general welfare by establishing a system of federal benefits. One of the benefit programs administered by the SSA is Supplemental Security Income (SSI). SSI is a federally administered cash assistance program available to the

general public. It is designed to provide a floor of income for the aged, blind or disabled who have little or no income and resources. The money for SSI benefits comes from the general funds of the United States Treasury.

A representative payee may be designated to receive SSI benefits on behalf of an eligible disabled individual. A representative payee is responsible for handling and taking care of the disabled individual's benefits. A representative payee is required to promptly report the death of the disabled individual to the SSA.

In or about April 2007 the defendant's son Edwin Bonner, Jr., became the beneficiary of SSI payments. In or about September 2007 the defendant, **HAROLYN BONNER**, became the representative payee for Edwin Bonner, Jr. The SSA informed the defendant that she would have to notify the SSA in the event of Edwin Bonner, Jr.'s death. The SSA provided Edwin Bonner, Jr.'s benefits to the defendant by depositing the money to a bank account, which the defendant could access with a debit card.

On or about June 4, 2009, Edwin Bonner, Jr. died. The defendant was aware of his death but did not notify the SSA. Instead, the defendant continued receiving and spending Edwin Bonner, Jr.'s payments by using the debit card at various locations in the Eastern District of Louisiana.

On at least two occasions after Edwin Bonner, Jr.'s death, the defendant submitted written reports to the SSA. In these reports the defendant represented that Edwin Bonner, Jr. continued to reside with the defendant and that the defendant had continuously spent the SSI payments on Edwin Bonner, Jr.'s food, housing, and other needs.

From June 4, 2009, until May 2, 2012, the defendant improperly received and spent a total of approximately $23,710.00 in payments that were meant for the care of Edwin Bonner, Jr. By engaging in the behavior described above, the defendant did willfully and knowingly steal, purloin, and convert to her own use more than $1,000 in funds of a department and agency of the United States which she knew she was not entitled to, and she did so with the intent to deprive the owner of the use of the money.

**APPROVED AND ACCEPTED:**

Haralyn Bonner 4-18-13
HAROLYN BONNER Date
Defendant

George Chaney Jr. 4-18-13
GEORGE CHANEY, JR. Date
Attorney for Defendant

Chandra Menon 4-18-13
CHANDRA MENON Date
Assistant United States Attorney